May it please the court, good morning. My name is Assistant United States Attorney Brent Whittlesey, and I'm appearing today on behalf of the victims of the financial fraud committed by the defendant, Kimball Dean Richards. I'd like to reserve two minutes for rebuttal, please. This is a case, your honor, about the government's ability to collect on a restitution judgment for the victims of a massive financial fraud scheme that was perpetrated by Kimball Richards. The offense conduct in this case occurred between August 1985 and June 1987. On April 30, 1990, the district court sentenced the defendant to a term of imprisonment and to a $21 million restitution judgment. Restitution was imposed under the Victim Witness Protection Act. On January 8, 1999, the defendant was released from his term of imprisonment. In 2009, the government applied for an order to require the defendant to appear for a judgment debtor examination so that we could determine whether he has assets that can be applied to the judgment. The district court dismissed the judgment debtor examination order on the grounds that the judgment was not enforceable. However, the restitution judgment against the defendant is enforceable for a minimum of 20 years from the date of the defendant's release from imprisonment or until, in this case, 2019. As a result, the district court erred in dismissing the judgment debtor examination order. We find support for this, Your Honor, under Section 3613B, which provides that a fine judgment is enforceable for a period of 20 years following release from imprisonment. And pursuant to Section 3664M of the Criminal Code, a restitution judgment can be enforced in the same manner as a fine or by any available means. The defendant argues that this application is ex post facto, and we believe the court should find that it is not. The change in the law to amend Section 3613B did not increase the quantum of punishment for the offenses that the defendant committed. In Gianelli, this court held that a restitution judgment could be enforced in accordance with the Federal Debt Collection Procedures Act, which was adopted after Gianelli was sentenced. This change in the law, the court found, did not increase Gianelli's punishment, and consequently, application of the new statute was not an ex post facto violation. What in the new statute gives us an indication that there was an intent that it should apply retroactively? This is different from an ex post facto inquiry constitutionally. I'm just asking, what in the new statute tells us that from the date of imprisonment should apply to existing cases? Your Honor, the ordinary rule is that the court applies the Federal law that's enforced at the time of the decision. And there's nothing in the statute that indicates that it is not to be applied to existing cases. But there's nothing in the statute? Nothing in the statute, that's right, yes. I would note, Your Honor, that last Friday this court issued an opinion which contains an exhaustive discussion of ex post facto law. That's a case called ACLU against Masto, M-A-S-T-O. And that considered whether amendments to Arizona's sex offender registration statutes were constitutional. This court noted in Masto that there's a two-step analysis for ex post facto claims. The first step is to determine whether the legislature intended to impose a criminal punishment or whether its intent was to enact a non-punitive regulatory scheme. If the intent of the legislature was to enact a non-punitive regulatory scheme, the court inquires whether the law is so punitive, either in purpose or effect, as to negate the state's intentions to deem it civil in nature. The Masto opinion includes seven factors that should be considered in connection with this second part of the two-step inquiry. Under the Masto analysis, the amended version of Section 3613 may be applied to prior judgments in our estimation without violating the ex post facto clause. The enlargement of the enforcement period is a non-punitive regulatory measure. Further, it's not punitive in nature, and consequently, there is no violation of the ex post facto clause of the Constitution in this case. Unless there are questions, I'll reserve the remainder of my time. Good morning. May it please the Court, my name is Ashley Posner. I represent Defendant Kimball Dean Richards in this case. On June 11th of 2010, my colleague, Mr. Whittlesey, argued United States v. Murphy to a panel of this Court, which I believe included Judge Fletcher. In the argument on that matter, Mr. Whittlesey agreed that the current statute, the MVRA, does not apply to cases that arise under the prior statute under which my client was convicted, the VWPA. That has been the rule and this Court's precedent for many years. There are two reasons. First of all... I'm sorry, can I interrupt you? My memory has never been good, and it's getting worse. United States v. Murphy, what was the date of that argument, of which I have zero recollection? Yes, Your Honor. United States v. Murphy was a 2010 decision of this Court at 385 Federal Appendix 745. In the Court's memorandum decision... I said 385 Federal Appendix what? 745, Your Honor. 745. I was on that panel? Yes, Your Honor. Not B. Fletcher, the better one? No, Your Honor. And Mr. Whittlesey was in front of us? Yes, Mr. Whittlesey was... Do you recollect this, Mr. Whittlesey? I do recollect it. Okay, well, bingo. Okay, there we are. I'll have a look. Thank you. Your Honor, in its memorandum of decision, the Court in Murphy cited United States v. Ridgeway, the Fifth Circuit case, which holds, as does the precedent in this circuit, that the provisions of the MVRA are not retroactive to modify or affect a sentence under the VWPA. The reason for that is twofold. First of all, the MVRA, which Mr. Whittlesey refers to as the current criminal code, itself states in the statutory notes that it was not intended by Congress to be retroactive. Secondly, under this Court's line of decisions in Bagot, Grice, and several other cases, the Court has held that application of the MVRA's provisions to prior VWPA cases violates the ex post facto clause. Now, the defendant was sentenced under the judgment and commitment order issued by Judge Riel on April 30, 1990. That judgment and commitment order ordered the defendant to pay restitution in an amount to be set by the probation department. There was never any amount set for the defendant to pay restitution. Four years later, the government, recognizing, as it stated in its moving papers on April 15, 1994, stated that the restitution judgment was insufficiently incapable of enforcement, and the government requested Judge Riel to modify his restitution judgment. The Court refused to do so, and the government did not appeal. Therefore, the restitution judgment issued on April 30, 1990, remained without an amount set forth of any kind, and it remains so today. In late 2009, the government began enforcement proceedings. Those enforcement proceedings were terminated after the defendant moved to dismiss the enforcement action, which was granted by Judge Riel. The defendant moved on two grounds, the same two grounds that are the basis for its position and its appeal today. First, that the restitution order failed to set forth an amount, and therefore was void ab initio. And second, that the restitution order issued under the VWPA, which specifically provides that an order of restitution is enforceable for 20 years from the date of sentencing. Is there anything factual in this case that would raise a question about the argument you're making now? Nothing whatsoever, Your Honor, except the fact that the defendant was sentenced on that date. And he was serving time, and he couldn't have made restitution because it was in the penitentiary. That's correct. Do we ignore all of that? No, Your Honor. The statute expressly states that restitution is enforceable for 20 years from the date that the judgment is entered. That has been the law under the VWPA until the statute was supplanted by the MVRA. And this court has held that the MVRA's provisions do not apply retroactively. Well, that's a little broad. Maybe some of the provisions. Okay. Your Honor, the government argued that the General Purpose Federal Debt Collection Act, the FDCPA, operates to alter the terms of the VWPA by essentially making the provision under the MVRA concerning the length of restitution enforcement applicable to the VWPA. The MVRA's enforcement provision runs for 20 years from the date of the judgment or the date of release, in this case an additional 10 years. The FDCPA does not apply in this case. The cases hold, and it's a line of cases that were issued by the First Circuit most recently with them. That's U.S. v. W.I.T.H.A.M., which came down last year after the briefing was closed. And holds that the FDCPA does not apply to VWPA cases where the government is seeking restitution on behalf of third parties, which, as counsel described, it is. The cases include the Rostov case, which was cited by counsel in the Murphy action. And the Rostov case has been, the Rostov and Bongiorno and Timilti cases, which are the three which WITHAM is based upon, have been adopted by the circuit. The FDCPA also requires the issuance of a notice of intent by the government to proceed to enforce under its provisions. Following that notice, the clerk issues a notice that the enforcement is under the federal statute. That did not happen in this case. The government elected to proceed under state law. The FDCPA carries with it a 20-year statute, which would be the same period of time as is applicable under the VWPA. Now, Giannelli held that the FDCPA can be applied to retroactively enforce provisions of the MVRA. But it has not been applied to retroactively enforce provisions of the VWPA. If the government had intended to use the FDCPA, which it did not because no notice was given, and the FDCPA was never mentioned until the government's brief was filed here, it would have had to give notice to the court, and it also had the option of seeking an extension of the underlying judgment for an additional 20 years. So long as the judgment is sought to be extended before it expires, it can be extended for an additional 20 years under the FDCPA under Title 28, United States Code, Section 3201C2. That did not happen. And it did not happen because the government is well aware that the FDCPA cannot be used on a VWPA case where the government is seeking relief on behalf of third parties. Okay. Your time has run. If you want to sum up. Your Honor, in this case, either the statute is run on collection of any restitution under the VWPA's express terms, or the underlying judgment was invalid, or both. And we submit the case should be affirmed. Thank you. Thank you. Mr. Whittlesey. Yes, Your Honor. Very briefly. Your Honor, the MVRA says it applies to sentencings after the effective date. It doesn't say anything about the non-sentencing provisions of the statute, such as this issue of how long a fine judgment is enforceable. Furthermore, Section 3613 says... But it would have been clear if the government had made its motion to extend, and some court had acted on that motion, you wouldn't be here now. But you didn't make that motion, and 20 years passed, and that's why we're here. Okay. That's why we're here, yes, Your Honor. But, Your Honor, we believe that the appropriate time limit in this case is at least 20 years from the date of release from prison. For the very reason that Your Honor mentioned, when he was serving his 10 years for this fraud scheme, he was not in a position to send us a check every month. And Congress has determined that we should have the authority after release from prison to take that 20 years when a defendant is in a position to make payments. So... What would we make of the 1994 proceeding? Your Honor, it is true that the government filed a motion in 1994, and it is true that the district court denied it without saying anything. We presume that the district court thought that the judgment was just fine, and that any... Why did you make the motion? You made the motion because you said, we can't enforce this. We made the motion because we wanted to have more specificity in the court's judgment about who was entitled to money and how much. That is true. That is true. And it may have been that the district court erred in denying that motion. But we don't appeal all error by district courts. And the district court did not ever say in 1994 that the judgment was not enforceable. Further, under this court's cases, if the defendant was concerned about the nature of this restitution judgment, he should have appealed it. He did, in fact, appeal his sentence and conviction. But he's waived the arguments that could have been made in 1990 concerning this matter. Thank you for your time. Okay. Richard v. United States, the minute for decision. Thank you very much. Or United States v. Richards, rather. Next, United States v. Delgado Benitez.
judges: Hellerstein, Farris, Fletcher